```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF MISSOURI
                         EASTERN DIVISION
```

KATHLEEN METZGER,             )
                              )
         Plaintiff,           )
                              )
     v.                       )     No. 4:07 CV 1024-DDN
                              )
WAL-MART STORES, INC.,        )
                              )
         Defendants.          )

## MEMORANDUM AND ORDER

Before the court is the motion of plaintiff Kathleen Metzger to remand the case to state court. (Doc. 6.) The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

## I. Background

Plaintiff commenced this action in the Circuit Court of Jefferson County, Missouri, against defendant Wal-Mart Stores, Inc. She alleges she slipped and fell on the wet floor of defendant's store on July 14, 2004, in Florida; her claim is based on the alleged negligence of defendant. She alleges substantial injuries for which she seeks compensation in an amount "specifically less than $75,000." (Doc. 8, Exh. A at 3.)

Defendant filed its original notice of removal on May 24, 2007, pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446. (Doc. 9 at 1.) In support of its invocation of diversity of citizenship subject matter jurisdiction, defendant alleges that plaintiff is a citizen of Missouri, that defendant Wal-Mart Stores East, LP is "a foreign limited partnership organized and existing under the laws of the State of Delaware, and maintains its principal place of business in the State of Arkansas,"[1] and that the matter in controversy exceeds $75,000, as required under 28 U.S.C. § 1332. ( Id. at 3.)

---

[1]In its amended notice of removal, defendant alleges that Wal-Mart Stores, Inc. is not the proper entity defendant in this action, but rather Wal-Mart Stores East, LP is the proper entity defendant. (Doc. 9 at 1.) Therefore, defendant established diversity of citizenship between plaintiff and Wal-Mart Stores East, LP. ( Id. at 2.)

Plaintiff moved to remand the action to the state court, arguing that defendant's notice of removal was not timely filed. Plaintiff argues that all of the information needed for defendant to determine that plaintiff's damages potentially exceed the $75,000 jurisdictional limit was known and available to defendant more than thirty days prior to the filing of the notice of removal.

Defendant argues that it timely filed its notice of removal on May 24, 2007, because the record did not indicate a jurisdictional amount earlier. The state court petition, which was filed on June 2, 2006, expressly and specifically restricted plaintiff's damages to less than $75,000. Plaintiff's answers to defendant's interrogatories stated that she was seeking $74,000 in damages.[2] However, on May 18, 2007, plaintiff sent defendant a settlement demand letter, demanding $111,000. (Doc. 9, Ex. B.)

## II. Discussion

28 U.S.C. § 1446 prescribes the procedure for removing cases from state courts. According to § 1446, "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . ." 28 U.S.C. § 1446(b). Section 1446 further provides:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. . . .

28 U.S.C. § 1446(b).

The parties do not dispute that the damages sought by plaintiff now satisfy the requisite amount in controversy for subject matter jurisdiction under 28 U.S.C. § 1332. (Doc. 7 at 2; Doc. 8 at 5.) However, the parties disagree about when the thirty-day removal period under 28 U.S.C. § 1446(b) was triggered. The thirty-day removal period

---

[2]Plaintiff filed her answers to defendant's interrogatories on July 10, 2006. (Doc. 6 at 2.)

is triggered upon a defendant's receipt of the initial pleading "only when the complaint explicitly discloses the plaintiff is seeking damages in excess of the federal jurisdictional amount." In re Willis, 228 F.3d 896, 897 (8th Cir. 2000). "This rule promotes certainty and judicial efficiency by not requiring courts to inquire into what a particular defendant may or may not subjectively know."[3] Id. Plaintiff's initial pleading failed to affirmatively disclose that plaintiff was seeking damages in excess of $75,000. In fact, plaintiff's state court petition explicitly sought damages "specifically less than $75,000." Therefore, the thirty-day removal period was not triggered by the state court petition. For the same reason, the plaintiff's interrogatory answer, which limited her damages to $74,000 did not trigger the removal period.

The thirty-day removal period was triggered by the plaintiff's settlement demand letter. A demand letter qualifies as "other paper" under 28 U.S.C. § 1446(b). Petersen v. Cates Sheet Metal Indus., Inc., No. 95-6216-CV-SJ-6, 1996 WL 40999, at *5 (W.D. Mo. Jan. 30, 1996).

Therefore, the notice of removal was timely filed.

For these reasons,

**IT IS HEREBY ORDERED** that the motion of plaintiff to remand (Doc. 6) is denied.

          /S/  David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on August 23, 2007.

---

[3] Plaintiff asks the court to hold that neither the amount stated in a settlement demand letter or even an amount stated in the petition are determinative of a claim's value. However, requiring defendant to deduce on its own that plaintiff's damages could potentially exceed the $75,000 jurisdictional limit would contradict the goal of In re Willis to promote certainty and judicial efficiency. In re Willis, 228 F.3d at 897.